# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br><br>                              Petitioner,<br>v.<br>SCOTT KERNAN, Warden, et al.,<br><br>                             Respondents. | Civil Case No. 18cv2732-BTM (JLB)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(B)(3)(a) GATEKEEPER PROVISION** |

    Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 1998 conviction in San Diego County Superior Court case number SCN085554, in light of the intervening case of Class v. United States, 583 U.S. ___, 138 S.Ct. 798 (2018) (holding that a guilty plea by itself does not bar a defendant from challenging the constitutionality of a conviction on appeal). (ECF No. 1.) He has also filed a Motion for to proceed in forma pauperis. (ECF No. 2.)

## PETITION BARRED BY GATEKEEPER PROVISION

    The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his 1998 conviction in San Diego Superior Court case number SCN08554. On November 13, 2017, Petitioner filed in this Court a Petition for a Writ of Habeas Corpus challenging that same conviction. (See Pet. filed 11/13/17

1

18cv2732-BTM (JLB)

[ECF No. 1] in So.Dist.Ca. Civil Case No. 17cv2309-H (WVG).) On June 6, 2018, this Court denied the petition on the basis it was not filed within the applicable statute of limitations, and, alternately, on the merits of the claims presented. (See Order filed 6/6/18 [ECF No. 24] in So.Dist.Ca. Civil Case No. 17cv2309-H (WVG).) Petitioner filed a motion for relief from judgment in that case on June 14, 2018, which the Court construed as a second or successive petition and dismissed for lack of jurisdiction. (See Order filed 9/11/18 [ECF No. 30] in So.Dist.Ca. Civil Case No. 17cv2309-H (WVG).) Petitioner did not appeal.

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. See 28 U.S.C. § 2244(b)(3)(A); Burton v. Stewart, 549 U.S. 147, 153 (2007) (a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition). Although Petitioner attempts to challenge his conviction by showing "that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A), he must first obtain authorization from the Ninth Circuit Court of Appeals to file a petition in this Court. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.") Here, Petitioner has left blank the box in the section of the petition form where it asks whether the Ninth Circuit Court of Appeals has granted him leave to file a successive petition. (ECF No. 1 at 5.)

## **CONCLUSION**

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his

2

Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. The Motion to proceed in forma pauperis is **DENIED** as moot. *The Clerk of Court is directed to send Petitioner a blank Application for Leave to File a Second or Successive Petition Under 28 U.S.C. § 2254 together with a copy of this Order.*

IT IS SO ORDERED.

DATED: December 17, 2018

_____
Barry Ted Moskowitz
United States District Judge